LOLLEY, J.
Clinton Pool (“Pool”) was convicted and sentenced for the illegal use of a weapon. La. R.S. 14:94(E). He now appeals his conviction. For the following reasons, we affirm.
Facts
The facts regarding the offense are not disputed on appeal. On the night of August 10, 2002, Pool was a passenger in a car traveling west on La. Highway 4, approximately four miles east of Chatham, Louisiana. As that car began changing lanes with another car, Pool retrieved a 9-mm caliber pistol from under the car seat, stuck it out the window, and fired it approximately ten times. The other car was hit at least once. When the other car reached Chatham, the police were alerted and Pool was arrested. When questioned by the police, Pool claimed that the other car had run them off of the road, and the discharge of the pistol was in self-defense. Pool also stated that he had pointed the pistol away from the other car when it was fired.
Discussion
In his sole assignment of error, Pool has raised a claim relating to the exclusion of an African-American juror he argues was in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
In this case, during the voir dire, the racial composition for the prospective jurors was white, except for two African-Americans. One prospective juror, a black female, was excused for cause, at the request of both the defendant and the state. The defendant peremptorily excused four white females. The state peremptorily excused a white male and Rosa |2Bolds Finis-ter (“Finister”), the remaining black female. Finister is the juror at issue in this appeal.
During Finister’s examination by the state, it was revealed that she knew the assistant district attorney prosecuting the case. Finister testified that she had consulted him regarding a civil legal matter, *902 but ultimately she had not retained him. As noted, the state peremptorily excused Finister. Voir dire continued with other prospective jurors being excused.[1] Before the jury was sworn in, the defendant made a Batson challenge regarding the state’s exclusion of Finister, arguing that the state had shown a pattern of racial discrimination. The trial court denied the motion, to which the defendant objected. After the trial court’s ruling on the motion, the assistant district attorney noted, “Your Honor, the State is so confident that Mr. Beal’s Batson challenge is beyond any possibility of merit. I’m not even going to put on the record my racially neutral reasons. I’ll roll the dice.”
On appeal, Pool argues that the state failed to provide any non-racial reasons for excusing the only remaining black on the jury panel. In response, the state argues that since Pool failed to make a prima facie showing of purposeful discrimination, it was not required to state its reasons for excusing that juror. We agree.
The Batson holding is codified in our law as La.C.Cr.P. art. 795(C), which provides:
|;iC. No peremptory challenge made by the state or the defendant shall be based solely upon the race of the juror. If an objection is made that the state or defense has excluded a juror solely on the basis of race, and a prima facie case supporting that objection is made by the objecting party, the court may demand a satisfactory racially neutral reason for the exercise of the challenge, unless the court is satisfied that such reason is apparent from voir dire examination of the juror. Such demand and disclosure, if required by the court, shall be made outside of the hearing of any juror or prospective juror.
To make a Batson claim against the state, the defendant must first establish a prima facie case that the state exercised its peremptory challenges to exclude members of the jury venire solely on the basis of their cognizable race. Batson, supra; State v. Green, 94-0887 (La.05/22/95), 655 So.2d 272; State v. Thornton, 36,757 (La.App.2d Cir.01/29/03), 836 So.2d 1235, 1240, writ denied, 2003-0861 (La.10/31/03), 857 So.2d 474. If the defendant fails to make out a prima facie case, then the challenge fails, and it is not necessary for the prosecutor to articulate neutral explanations for the strikes. State v. Givens, 99-3518 (La.01/17/01), 776 So.2d 443.
 Only upon a defendant establishing a prima facie case will the burden shift to the state to come forward with a race-neutral explanation. This second step of the process does not demand an explanation from the state that is persuasive, or even plausible. The reason offered by the state will be deemed race-neutral unless a discriminatory intent is inherent within that explanation. The persuasiveness of the state’s explanation only becomes relevant at the third and final step which is when the trial court must decide whether defendants have proven purposeful discrimination. Thus, the ultimate burden of persuasion as to racial motivation rests with, and never shifts from, the opponent of the peremptory challenge. Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); Hernandez v. New York, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).
*903 On appellate review, this court must analyze whether the reasons were race-neutral and whether the trial court properly assessed the weight and credibility of each explanation. State v. Thornton, supra, citing, State v. Mamon, 26,337 (La. App.2d Cir.12/16/94), 648 So.2d 1347, writ denied, 95-0220 (La.06/02/95), 654 So.2d 1104.
In State v. Green, supra at 288, the Louisiana Supreme Court discussed how a defendant may establish his prima facie case. The defendant may offer any facts relevant to the question of the prosecutor’s discriminatory intent to satisfy this burden. Such facts include, but are not limited to, a pattern of strikes by a prosecutor against members of a suspect class, statements or actions of the prosecutor which support an inference that the exercise of peremptory strikes was motivated by impermissible considerations, the composition of the venire and of the jury finally empaneled, and any other disparate impact upon the suspect class which is alleged to be the victim of purposeful discrimination.
The state need not give an explanation for its use of a peremptory challenge if the trial court does not find that the defense has made a prima facie case, although many trial courts require this to create a complete record. State v. Rose, 606 So.2d 845 (La.App. 2d Cir.1992).
Although the trial court mistakenly noted that the state had articulated “a nonracial reason” for is exclusion of Finister, such an error by the trial court does not necessarily lead to the conclusion that Pool should have | ¡¡prevailed on his motion. Primarily, we note, Pool never made the threshold showing, i.e., a prima facie case of purposeful discrimination in excusing Finister. Nothing in the questioning of Finister was out of line with the questioning of the other potential jurors. Nor were her answers out of line with the other potential jurors. This is not a case where the state created a line of questions to exclude a particular race of jurors. Nothing in the record suggests that Finister was targeted by the state. Moreover, although the state (along with Pool) excluded another black prospective juror, there was certainly no obvious pattern of purposeful racial discrimination by the state. Thus, Pool failed to meet his primary burden and make a prima facie case that the state exercised its peremptory challenges to exclude members of the jury venire solely on the basis of their cognizable race. This failure to make his prima facie case technically made it unnecessary for the state to articulate a race-neutral reason for the exclusion.
However, although we conclude that this assignment of error is without merit, the statements of the assistant district attorney in connection with Pool’s Batson motion cannot go left unnoticed. Specifically, in regard to Pool’s Batson challenge, the assistant district attorney stated, “I’m not even going to put on the record my racially neutral reasons. I’ll roll the dice.” This assistant district attorney, as well as the trial court, is pointed to State v. Rose, 606 So.2d 845 (La.App. 2d Cir.1992), wherein we stated the advisability of making a clear and complete record for review of Batson claims. The courtroom is not a casino. Criminal procedures involve serious ^issues regarding an individual’s constitutional rights, and that individual is entitled to the respect due the proceedings.
Conclusion
For the forgoing reasons, Clinton Pool’s conviction and sentence are hereby affirmed.
AFFIRMED.

. Prior to the jury being sworn in, the state made a reverse Batson challenge to the defendant’s peremptory challenges, noting that the defendant had excused four white females. The trial court then addressed the four prospective jurors excused by the defendant. After the defendant's counsel provided reasons for them being excused, the trial court found neutral reasons for excusing all four. The state’s reverse Batson challenge was denied.